UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   CV 23-0674 JLS (PVC) | Date:  February 15, 2023 |
| Title   Benjamin Cano v. J. Doerer, Warden | |

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:   [IN CHAMBERS]  ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED FOR LACK OF JURISDICTION**

On January 23, 2023, Benjamin Cano ("Petitioner"), a federal prisoner proceeding *pro se*, constructively filed a habeas petition ("Petition"), pursuant to 28 U.S.C. § 2241.[1] (Dkt. No. 1).  Petitioner is currently incarcerated at the Federal Correctional Institution II in Victorville, California ("FCI Victorville II"), having been transferred there in December 2022.  (Petition at 1, 3).  The Petition purports to challenge his conviction for conspiracy to possess with intent to distribute and possession with intent to distribute five kilograms or more of cocaine on May 2, 2006, in the United States District Court for the Northern District of Texas (the "District Court").  *See United States of America v. Benjamin Lucero Cano*, D. N.D. Tex. Case No. CR 06-007-C ("*Cano*") (Dkt. No. 66

---

[1]  The Court received the Petition on January 27, 2023.  However, under the "mailbox rule," a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing to the court clerk, not the date on which the pleading may have been received by the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).  The proof of service reflects that Petitioner delivered the Petition to prison authorities for mailing on January 23, 2023, which the Court adopts as its constructive filing date.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-0674 JLS (PVC)                              Date:  February 15, 2023

Title         Benjamin Cano v. J. Doerer, Warden

(Verdict Sheet)).[2]  The District Court sentenced Petitioner to an indeterminate term of life on each count to run concurrently.  (Dkt. No. 84 (Judgment)).  On March 10, 2008, the Fifth Circuit affirmed Petitioner's conviction in a written judgment but vacated the sentence and remanded for re-sentencing after Petitioner was afforded a *Faretta* hearing. (Dkt. No. 115).  After granting Petitioner his right to proceed *pro* se at the re-sentencing, the District Court sentenced Petitioner to 262 months as to each count with the terms to run concurrently on June 6, 2008.  (Dkt. Nos. 119, 135).

On March 30, 2009, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2555.  (Dkt. No. 137).  On May 21, 2013, the District Court denied the § 2255 Motion.  (Dkt. No. 144).  The District Court also denied a motion for reconsideration.  (Dkt. No. 147).  Petitioner sought authorization to file a successive § 2255 motion, which the Fifth Circuit denied on September 29, 2014.  (Dkt. No. 153).

On June 9, 2015, Petitioner filed a motion for a sentence reduction pursuant to 18 U.S.C. 3582(c)(2) based on the 2014 Drug Sentencing Guidelines Amendment (i.e., Amendment 782 to the Sentencing Guidelines).  (Dkt. Nos. 155, 156).  On November 3, 2015, the District Court denied the motion.  (Dkt. No. 162).  Petitioner appealed, and on June 29, 2017, the Fifth Circuit denied the appeal as frivolous.  (Dkt. Nos. 164, 170).  On December 18, 2018, Petitioner filed another sentence reduction motion pursuant to 18 U.S.C. 3582(c)(2) and Amendment 782, which the District Court denied on February 6,

---

[2]  The Petition is not submitted on a § 2241 form and provides almost no information about Petitioner's prior criminal proceedings apart from the date of the offense, sentence received, and name of the District Court where he was convicted.  (*See* Petition at 2, 5).  While the Petition could be subject to dismissal on that ground alone, the docket in *Cano* sufficiently discloses Petitioner's prior criminal proceedings for purposes of this Order to Show Cause.  The Court takes judicial notice of Petitioner's criminal proceedings in the United States District Court for the Northern District of Texas and the Fifth Circuit Court of Appeals.  *See In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 689 n.1 (9th Cir. 2011) (holding a court may take judicial notice of a court's own records in other cases and the records of other courts).  All docket number citations in this Order to Show Cause, apart from the initial citation to the Petition in this action, are to the District Court docket in *Cano*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  CV 23-0674 JLS (PVC) | Date: February 15, 2023 |
| Title  Benjamin Cano v. J. Doerer, Warden | |

2019.  (Dkt. Nos. 172, 173).  On June 7, 2021, Petitioner filed a third sentence reduction motion pursuant to 18 U.S.C. 3582(c)(2) and Amendment 782, which the District Court denied two days later.  (Dkt. Nos. 174, 175).  On February 11, 2022, Petitioner filed a fourth sentence reduction motion pursuant to 18 U.S.C. 3582(c)(2) and Amendment 782, which the District Court denied four days later.  (Dkt. Nos. 176, 177).  On March 7, 2022, Petitioner appealed the denial of the last sentence reduction motion to the Fifth Circuit. (Dkt. No. 178).  On September 27, 2022, the Fifth Circuit denied the appeal as frivolous. (Dkt. No. 186).

The instant Petition raises a single claim for federal habeas relief: The failure to reduce the length of Petitioner's sentence pursuant to Amendments 782 and 788 of the drug sentencing guidelines violates his constitutional rights.  (Petition at 1-6).  Thus, he argues that he is entitled to a "termination of custody."  (Petition at 1).

### A. The Petition Appears to Be a "Disguised" § 2255 Motion that May Be Heard Only in the Northern District of Texas

To determine if this Court has jurisdiction over Petitioner's claims, the Court must resolve whether the Petition is properly brought pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255.  *See Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) ("[A] court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue.").  If the Petition falls under § 2255, it must be brought before the sentencing court, which is the United States District Court for the Northern District of Texas.  *See id.* ("§ 2255 motions must be heard in the sentencing court . . . .").  If the Petition falls under § 2241, it must be filed in the custodial jurisdiction, which is the Central District of California.  *See id.* ("[A] habeas petition filed pursuant to § 2241 must be heard in the custodial court . . . .").

"In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."  *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000).  "Section 2255 allows a federal prisoner claiming that his sentence was imposed 'in violation of the Constitution or laws of the United States' to 'move the court which imposed the sentence to vacate, set aside or correct the sentence.'"  *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (quoting 28 U.S.C. § 2255(a)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   CV 23-0674 JLS (PVC) | Date:  February 15, 2023 |
| Title   Benjamin Cano v. J. Doerer, Warden | |

Here, Petitioner explicitly challenges the legality of his sentence, not the manner, location, or conditions of the execution of the sentence.  (*See* Petition at 1–6.)  Thus, unless the savings clause applies, the Petition should be construed as a § 2255 motion, not as a claim for relief in a § 2241 petition.  *See Harrison*, 519 F.3d at 961-62 (characterizing a § 2241 petition not "brought pursuant to the escape hatch" as a "disguised" § 2255 motion).

"Under the savings clause of § 2255, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention."  *Hernandez*, 204 F.3d at 864-65 (internal quotation marks omitted); *see also* 28 U.S.C. § 2255(e) (an application for a writ of habeas corpus by a prisoner in federal custody must be presented to the sentencing court as a motion under § 2255 "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention").  A remedy qualifies as inadequate or ineffective for purposes of § 2255's "escape hatch" only "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim."  *Harrison*, 519 F.3d at 959.  For a "claim to be a legitimate § 2241 petition," both requirements must be satisfied.  *Muth v. Fondren*, 676 F.3d 815, 819 (9th Cir. 2012).

"In this circuit, a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614, 623 (1998): To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.  Actual innocence means factual innocence, not mere legal insufficiency."  *Muth*, 676 F.3d at 819 (internal quotation marks, parallel citations and brackets omitted); *see also Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (a claim of actual innocence for purposes of the § 2255 escape hatch is tested under the *Bousley* standard).  The mere assertion that a petitioner is actually innocent, without the introduction of "evidence tending to show that he did not commit the [acts] underlying his convictions," is insufficient to satisfy the standard.  *See Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012); *see also Schlup v. Delo*, 513 U.S. 298, 324 (1995) ("To be credible, [an actual innocence] claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   CV 23-0674 JLS (PVC) | Date:  February 15, 2023 |
| Title   Benjamin Cano v. J. Doerer, Warden | |

cases, claims of actual innocence are rarely successful."). Alternatively, a petitioner may state a claim of actual innocence "when he was convicted for conduct not prohibited by law." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011).

Here, Petitioner makes no claim of innocence as to the underlying offenses--conspiracy to possess with intent to distribute and possession with intent to distribute five kilograms or more of cocaine. Instead, Petitioner simply challenges the lawfulness of his 262-month sentence in light of subsequent amendments to the federal sentencing guidelines. Petitioner's failure to assert a claim of factual innocence appears, by itself, to bar the Petition from qualifying for the § 2255 escape hatch. *Muth*, 676 F.3d at 819 (availability of § 2255 escape hatch foreclosed where petition fails to make plausible showing of actual innocence).

Nor has Petitioner demonstrated that he did not have "an unobstructed procedural shot" to present his claim. To determine whether a petitioner had an unobstructed procedural shot to pursue his claim, a court asks: "(1) whether the legal basis for Petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after the first § 2255 motion." *Harrison*, 519 F.3d at 960. "For a change in law to be relevant to petitioner's earlier conviction or sentence, it must apply retroactively." *Gibbs v. United States*, 2016 WL 413215, at *1 (C.D. Cal. Jan. 31, 2016); *see also Alaimalo*, 645 F.3d at 1047 ("An intervening court decision must 'effect a material change in the applicable law' to establish unavailability.") (quoting *Harrison*, 519 F.3d at 960). To demonstrate that a petitioner lacked an unobstructed procedural shot, "it is not enough that the petitioner is presently barred from raising his claim . . . by motion under § 2255. He must never have had the opportunity to raise it by motion." *Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003).

Here, Petitioner's initial § 2255 motion was filed and denied prior to 2014—the year the amended sentencing guidelines were adopted. Subsequently, however, Petitioner raised four separate motions for a sentence reduction pursuant to 18 U.S.C. 3582(c)(2) based on the 2014 Drug Sentencing Guidelines Amendment (i.e., Amendment 782 to the Sentencing Guidelines), each of which was denied on the merits by the sentencing court and, thereafter, on appeal in the Fifth Circuit. (*See* Dkt. Nos. 162, 170, 173, 175, 177, 186). As a result, Petitioner's claim has already been presented and denied

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-0674 JLS (PVC)                                       Date:  February 15, 2023

Title         Benjamin Cano v. J. Doerer, Warden

by the sentencing court on multiple occasions and, therefore, Petitioner did not lack an unobstructed procedural shot to raise this claim for relief.

Petitioner has not shown that he is factually innocent and that he never had the opportunity to raise his claims in the District Court.  Accordingly, the Petition must be construed as a § 2255 motion, not a habeas petition under § 2241, and, as such, it must be brought in the jurisdiction of the sentencing court, which is the Northern District of Texas.  *See Hernandez*, 204 F.3d at 865.

**B.      The Petition Appears Successive**

Because Petitioner has already filed a § 2255 motion, the Petition, construed as a § 2255 motion, appears to be successive.  (*See* Dkt. Nos. 137 (original § 2255 motion to vacate), 144 (order denying § 2255 motion).  "A petitioner is generally limited to one motion under § 2255."  *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011).  "A prisoner may not bring a second or successive § 2255 motion in district court unless 'a panel of the appropriate court of appeals' certifies that the motion contains: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *Harrison*, 519 F.3d at 955 (quoting 28 U.S.C. § 2255(h)).  The record does not reflect that Petitioner sought or obtained permission from the Fifth Circuit to file this instant § 2255 motion.  Accordingly, unless and until Petitioner obtains such authorization, no district court has jurisdiction to hear his claims.

Petitioner is therefore **ORDERED TO SHOW CAUSE,** within **twenty-one (21) days** of the date of this Order, why this action should not be dismissed for lack of jurisdiction.  **Petitioner may satisfy this Order by filing a response, supported by documentary evidence, setting forth any reason why the Petition is not a challenge to the legality of detention; or, if Petitioner concedes that it is a challenge to the legality of detention, that it (1) qualifies for the escape hatch of 28 U.S.C. § 2255(e), and (2) is not successive.  This Order is not dispositive of any claim but only gives notice to Petitioner of what the Magistrate Judge may recommend to the District Judge.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-0674 JLS (PVC)                                     Date:  February 15, 2023

Title        Benjamin Cano v. J. Doerer, Warden

**Petitioner is expressly warned that failure to timely file a response to this Order may result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.  *See* Fed. R. Civ. P. 41(b).**  Petitioner is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  **A form Notice of Dismissal is attached for Petitioner's convenience.**

The Clerk of the Court is directed to serve a copy of this Order upon Petitioner at his current address of record.

IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |